Hall, J.
1. The verdict was supported by the law and evidence.
2. Under the Code of Georgia, a room or apartment in a public inn becomes the dwelling of a person when it is either occupied or hired by him, and an indictment alleging a room' in an inn which was occupied by a servant thereof to be his dwelling, and charging the accused with breaking and entering it with intent to take, steal and carry away the personal goods therein found, was sufficiently technical and could be plainly understood.
(a) That the room was occupied by another as well as the prosecutor does not, in legal contemplation, make it any less the dwelling of the prosecutor. All that the law required was that the indictment-should identify the dwelling broken and entered with burglarious intent, and that it should show that it was not the dwelling of the party so breaking and entering, but that it was occupied by the prosecutor-70 Ga., 752.
Goetchius & Chappel, for plaintiff in error.
Thomas. W. Grimes, Solicitor General, by W. A. Little, for the State.
(b) There was no error in charging that if the defendant broke and entered the room of the prosecutor for the purpose of committing a felony or larceny, he would be guilty of burglary.
3. Counsel for defendant having consented that the statement as to the confessions of the defendant might be made in the presence of the jury, and when they were ruled out, having’ stated that he did not ask to rule out any facts discovered in consequence of the confession, there was no impropriety in the remark of the judge to the effect that he ruled out the confessions, but did not rule out the tessimony in reference to finding the goods, although they were found by reason of the confession.
(a) Although a confession obtained by means of promises or threats can not be received, yet if in consequence of that confession, certain facts tending to establish the guilt of the prisoner are made known, evidence of the facts may be received, together with so much of the confession as relates strictly to the facts discovered by it. Roscoe Or. Ev. (2d Ed.), 47; 1 Gr. Ev. (9th Ed.) §231; 1 Bish. Or. Prac., §1242 ; 11 Ga., 253, 123; 10 Id., 511, 519.
Judgment affirmed.